```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
TIMOTHY HERNANDEZ, on behalf            :
of himself and all others similarly     :
situated,                               :
                                        :
                                        :   MEMORANDUM DECISION AND
                    Plaintiff,          :   ORDER
                                        :
        -against-                       :
                                        :   24-cv-5354 (BMC)
JANIE AND JACK, LLC,                    :
                                        :
                                        :
                    Defendant.          :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff, a visually impaired individual, brings this action on behalf of himself and all others similarly situated against defendant, Janie and Jack, LLC, for failure to comply with the Americans with Disabilities Act ("ADA") and the New York City Human Rights Law ("NYCHRL"). Plaintiff alleges that, because defendant failed to build a website compatible with screen access programs, he was unable to use defendant's website to purchase a pajama set. Plaintiff has filed more than 50 similar complaints against other website operators in the Eastern District of New York since 2023.

This case is before the Court on defendant's motion to dismiss for failure to adequately allege standing and for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff is legally blind and uses screen readers to access the internet. Screen readers are the only way visually impaired or legally blind people can independently access the internet. Plaintiff alleges that he attempted to purchase a pajama set, the Good Night Short Sleeve Pajama in Airplane Adventure, on defendant's website, but he was unable to complete the purchase because of the website's inaccessibility and lack of conformity with screen readers.

Prior to bringing this lawsuit, plaintiff tried to purchase the pajamas "multiple times," including on June 12, 2024. Additionally, plaintiff was not able to take advantage of the ten percent discount off first-time purchases and free shipping that are offered on defendant's website. Nor could plaintiff access the website to sign up to receive product updates, product news, and special promotions that are not available in stores.

Based on these allegations, plaintiff seeks an injunction requiring defendant to make its website fully compliant with the ADA and a declaration stating that defendant's website violates the ADA and the NYCHRL, as well as class certification and monetary damages.

## DISCUSSION

### I.     Standing

To have standing to bring a lawsuit in federal court, a plaintiff must have (1) a personal injury, (2) that is fairly traceable to the defendant's allegedly unlawful conduct, and (3) the requested relief would likely redress plaintiff's injury. Allen v. Wright, 468 U.S. 737, 751 (1984). Standing is a jurisdictional requirement and must be assessed prior to reaching the merits. Byrd v. United States, 584 U.S. 395, 410-11 (2018). When reviewing a motion to dismiss a complaint for lack of standing, courts must construe the complaint in favor of the plaintiff and accept all material factual allegations as true. Katz v. Donna Karan Co., 872 F.3d 114, 118 (2d Cir. 2017) (citing Donoghue v. Bulldog Inv'rs Gen. P'ship, 696 F.3d 170, 173 (2d Cir. 2012)).

When a plaintiff seeks an injunction to remedy an alleged ADA violation, the plaintiff is deemed to have suffered an injury in fact when "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visit and proximity of defendants' businesses to plaintiff's home, that the plaintiff intended to return to the subject

2

location." Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 74 (2d Cir. 2022) (quoting Kreisler v. Second Ave Diner Corp., 731 F.3d 184, 187-88 (2d Cir. 2013)). Of course, the proximity of a defendant's business "is not probative of actual injury in website cases because everyone's computer is proximate." Winegard v. Golftec Intell. Prop. LLC, 674 F. Supp. 3d 21, 25 (E.D.N.Y. 2023). In cases challenging the accessibility of websites, "a plaintiff can satisfy this intent-to-return requirement with 'non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." Feliz v. IHealth Labs Inc., No. 23-cv-00354, 2024 WL 342701, at *3 (S.D.N.Y. Jan. 30, 2024).

Plaintiff has adequately alleged standing here. First, he alleges a past injury because he visited defendant's website and was unable to purchase the Good Night Short Sleeve Pajama in Airplane Adventure due to the accessibility barriers on defendant's website. He specifies the accessibility issues with the website that caused his inability to purchase the pajamas, including that "when attempting to add the desired item to the cart, interactive elements (button, checkbox, radio button) have poor and non-descriptive name [so that] Plaintiff was not able to identify the purpose of interactive element[s]," and "when attempting to check out, the status message[s] . . . that appear dynamically on screen are not announced by the assistive technology leaving the Plaintiff unable to understand what is happening." Plaintiff's requested relief includes an injunction "requiring Defendant to take all steps necessary to make the Website fully compliant with the requirements set forth in the ADA, and the implementing regulations, so that the Website is readily accessible to and usable by blind individuals." This relief, if granted, would redress plaintiff's injury of being denied access to defendant's website. See Weekes v. Outdoor

Gear Exch., Inc., No. 22-cv-1283, 2023 WL 2368989, at *4 (S.D.N.Y. March 6, 2023) (collecting cases in which "[o]ther courts in this Circuit have found injury in fact in similar situations").

Defendant argues that plaintiff fails to allege a past injury because he "fails to specify how he learned of the Website, why he wanted the pajama in question, whether he searched for comparable pajamas elsewhere, or whether he could purchase the pajamas (or a comparable alternative or substitute) from another website." But plaintiff does specify why he wanted to buy *these* pajamas from *this* defendant's website: "he was looking for a pajama's [sic] for his child[; h]e wanted to find a comfortable pajama set that offers a high level of comfort, flexibility of movement;" the website sells "exclusive designs" and has "the most selections of products as opposed to a marketplace such as Amazon;" and the website "offers ten percent off a first purchase and free shipping." These allegations are sufficient. See, e.g., Tavarez v. Moo Organic Chocolates, LLC, 641 F. Supp. 3d 76, 81 (S.D.N.Y. 2022).

The other types of allegations defendant points to as missing from plaintiff's complaint are not necessary to plead an injury in fact; rather, they are ways in which a plaintiff *could* show an injury in fact. See Fontanez v. Valley Lahvosh Baing Co., Inc., No. 22-cv-5537, 2023 WL 5390212, at *2 (S.D.N.Y. Aug. 22, 2023). The fact that plaintiff has included different allegations to show an injury in fact does not defeat standing.

In addition to alleging a past injury, plaintiff adequately pleads that he intends to return to the website and, without a change to the website, it will remain inaccessible to him. Plaintiff's allegation that he visited the website "multiple times" and the barriers to access remained "supports an inference that the Website has not been altered to fix the barriers Plaintiff encountered, and that he will continue to be unable to access the Website." Camacho v.

Vanderbilt Univ., No. 18-cv-10694, 2019 WL 6528974, at *10 (S.D.N.Y. Dec. 4, 2019). Moreover, the facts discussed above that adequately allege past injury also tend to show that plaintiff intends to return to the website. The fact that plaintiff was looking for "a comfortable pajama set that offers a high level of comfort, flexibility of movement" for his child; that the website sells "exclusive designs" and has "the most selections of products as opposed to a marketplace such as Amazon;" and that the website "offers ten percent off a first purchase and free shipping," supports a plausible inference that plaintiff is likely to return to defendant's website if it becomes accessible. See Fernandez v. Vanilla Chip, LLC, No. 24-cv-5639, 2025 WL 1151475, at *3 (S.D.N.Y. Apr. 18, 2025).

Defendant points to the fact that plaintiff is a serial filer of ADA lawsuits to illustrate the weakness of plaintiff's standing. Although a plaintiff's status as a serial filer "bears on the plausibility of his standing claim," Winegard, 674 F. Supp. 3d at 26, "that fact does not entitle Plaintiff to a weaker presumption that the non-conclusory allegations in [his complaint] are true." Fernandez, 2025 WL 1151475, at *3 (quoting Sookul v. Fresh Clean Threads, Inc., 754 F. Supp. 3d 395, 402-03 (S.D.N.Y. 2024)). The fact that plaintiff has filed more than 50 similar complaints in the Eastern District of New York does not permit this Court to deem his non-conclusory, plausible factual allegations as untrue.

However, the Court notes that defendant's challenge to plaintiff's standing at this point is only a facial challenge based on the complaint. It does not foreclose defendant from inquiring about the facts that support plaintiff's claim of standing at his deposition, or from otherwise collecting evidence relevant to the standing inquiry, to determine "whether the factual allegations of the complaint necessary for standing will be supported adequately by the evidence. . . ." Gladstone Realtors v. Vill. of Bellwood, 441 U.S. 91, 115 n.31 (1979). "Denial of the motion to

5

dismiss on standing grounds does not preclude later consideration on summary judgment or indeed at trial as standing is an aspect of subject matter jurisdiction." In re Bennett Funding Grp., Inc., 336 F.3d 94, 102 (2d Cir. 2003) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). Discovery concerning this case and the 50 other ADA suits that plaintiff has filed may demonstrate that, contrary to the allegations in the complaint, plaintiff has no genuine interest in purchasing defendants' product or that he would have no interest in returning to the Website even if it was ADA compliant. In other words, plaintiff's allegations are sufficient to plead standing, but like any other factual allegations in a complaint, they are going to have to be backed up by evidence to survive subsequent proceedings. Cf. Harty v. West Point Realty, Inc., 28 F.4th 435, 442 (2d Cir. 2022) (distinguishing between facial and factual challenges to standing).

## II.     Statement of a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Courts must accept the factual allegations as true but not credit "mere conclusory statements." Id. (quoting Twombly, 550 U.S. at 555).

To survive dismissal of his ADA claim, plaintiff must allege "(1) that [he] is disabled within the meaning of the ADA; (2) that defendant[ ] own[s], lease[s], or operate[s] a place of public accommodation; and (3) that defendant[ ] discriminated against [him] by denying [him] full and equal opportunity to enjoy the services defendant[ ] provide[s]." Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008).

As for the first requirement, plaintiff alleges that he is legally blind. The parties do not dispute that legal blindness meets the definition of disability under the ADA. See 24 U.S.C. § 12102. Nor do the parties dispute the second requirement, that defendant owns a public accommodation, the Janie and Jack website. See Del-Orden v. Bonobos, Inc., No. 17-cv-2744, 2017 WL 6547902, at *4 (S.D.N.Y. Dec. 20, 2017) ("[T]he ADA clearly applies to private commercial websites which (as here) operate in tandem with the merchant's conventional (*i.e.*, brick and mortar) places of public accommodation.").

Considering the third requirement, plaintiff includes sufficient factual allegations to plausibly state that defendant has denied him full and equal opportunity to access defendant's services. Plaintiff alleges that, because of defendant's failure to comply with the ADA, he was unable to purchase the pajama set he wanted to buy, receive the ten percent discount off first-time purchases and free shipping that are offered on defendant's website, and sign up to receive product updates, product news, and special promotions that are not available in stores. He also specifically identifies the accessibility issues that prevent his full and equal access to defendant's website, for example: the inclusion of status messages that pop up when plaintiff attempts to check out that are not announced by assistive technology so plaintiff cannot understand what is happening and complete the transaction. These allegations are sufficient to state a claim under the ADA. See Loadholt v. Shirtspace, No. 22-cv-2870, 2023 WL 2368972, at *4 (S.D.N.Y. March 6, 2023) (collecting cases).

Because the Court finds that plaintiff has stated a claim under the ADA, "it follows perforce that he has also state a claim under city law." Thorne v. Formula 1 Motorsports, Inc.,

No. 19-cv-1077, 2019 WL 6916098, at *3 (S.D.N.Y. Dec. 19, 2019). Thus, defendant's motion to dismiss plaintiff's NYCHRL claim is also denied.[1]

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is denied. The Court will set a status conference for this case by separate order.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
July 9, 2025

---

[1] Because I decline to grant defendant's motion to dismiss for lack of standing or for failure to state a claim, defendant's request that plaintiff's claim for declaratory relief be dismissed is also denied.